UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OHIO SECURITY INSURANCE COMPANY, et al.,** | }<br>}<br>} |
| **Plaintiffs,** | }<br>} |
| v. | Case No.:  2:19-CV-01656-MHH |
| **SUPERIOR LAND DESIGNS, LLC, et al.,** | }<br>}<br>}<br>} |
| **Defendants.** | } |

## ORDER

The Court has reviewed the amended report of the parties' planning meeting, (Doc. 49), and the *Capitol Specialty Ins. Co. v. PTAV, Inc.*, 331 F. Supp. 3d 1329 (N.D. Ga. 2018), decision.  In *PTAV*, the district court stated:

> Under Georgia law, an insurer must provide a defense against any complaint that, if successful, might *potentially or arguably* fall within the policy's coverage. Therefore, even if some of the allegations ultimately are not found to be covered by the policy, the insurer still has a duty to defend the entire action if any of the claims *might* be. This means that where an insurer has a duty to defend a single claim the complaint presents, it has a duty to defend all the claims asserted.
>
> Generally speaking, an insurer's duty to defend is determined by compar[ing] the allegations of the underlying complaint against the provisions of the policy, and an insurer can rely solely on the allegations contained within the complaint to establish that a policy exclusion precludes coverage. However, if the insurer is aware of factual contentions that would place the claim within the policy coverage,

> courts may consider such true facts outside of the four corners of the complaint in determining whether an insurer has a duty to defend. If the complaint, including facts outside of the complaint that are known to the insurer, does not assert a claim that is covered, the insurer is justified in refusing to provide the insured a defense. Any doubt as to the insurer's duty to defend, though, should be resolved in favor of the insured. This principle is especially true with respect to exclusions from coverage sought to be invoked by the insurer.

*PTAV*, 331 F. Supp. 3d at 1334 (quotations and footnotes omitted). This language leads the Court to believe that the duty to defend initially may be examined without discovery. If a comparison of the allegations in the underlying complaints with the provisions of the policy at issue reveals that even one claim in each underlying action gives rise to a duty to defend, then under Georgia law, the duty extends to all claims in the underlying action.

The Court proposes setting a briefing schedule on the issue of the duty to defend. If any party believes that the duty to defend cannot be established without "true facts" that the party must explore through discovery, then that party may file an appropriate request for discovery pursuant to Rule 56(d). On or before April 24, 2020, any party who disagrees with the Court's proposal shall file a written objection.

The Court shall examine the duty to indemnify after the Court resolves the duty to defend.

**DONE** and **ORDERED** this April 17, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE